**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**John T. RANKIN, Respondent.**

**No. 93–SC–236–KB.**

Supreme Court of Kentucky.

Sept. 30, 1993.

Bruce K. Davis, Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for complainant.

Frank E. Haddad, Jr., Peter L. Ostermiller, Louisville, for respondent.

**OPINION AND ORDER**

On October 6, 1989, three persons were injured when respondent's automobile hit their car from behind on Interstate 64. A blood alcohol test performed on respondent later that evening indicated a blood alcohol level of .14. Respondent pled guilty in Jefferson Circuit Court to one count of second-degree wanton endangerment, two counts of fourth-degree assault and one count of operating a motor vehicle under the influence of intoxicants. Judge Joseph E. Eckert entered judgment against him and sentenced him to 12–months incarceration conditionally discharged for two years along with a fine, mandatory enrollment in an alcohol education program, and surrender of his operator's license.

Respondent was arrested on two subsequent occasions. In March 1990, respondent was arrested for DUI, this time with a blood alcohol level reading of .16 or .17, but the charge was dismissed following the Commonwealth's decision not to prosecute. In January 1992, respondent was for a third time arrested for DUI. His conviction resulted in another fine, mandatory enrollment in an alcohol school, and loss of his operator's license for one year.

On May 14, 1991, the Inquiry Tribunal charged respondent with violating the Code of Professional Responsibility, DR 1–102(A)(6) prohibiting conduct that adversely reflects on an attorney's fitness to practice law and SCR 3.130(1) proscribing unprofessional and unethical conduct which tends "to bring the bench and bar into disrepute." The substance of these rules is now contained in SCR 3.130–8.3.

The Inquiry Tribunal's charges arise only from the 1989 guilty plea, but evidence of the other two arrests for alcohol related offenses was admitted at the evidentiary hearing conducted by the Trial Commissioner.

Respondent admitted his criminal conviction constitutes a violation of the Code of Professional Responsibility, and he admitted his alcoholism is a problem which needs treatment. He argued to the Board of Governors that the facts of his case merit imposi-

tion of a probationary period rather than outright suspension.

The Board of Governors unanimously found respondent guilty of both charges. They recommended an immediate public reprimand and a six-month suspension from the practice of law subject to a two-year probationary period, subject to the terms hereinafter set out.

The Board found probation was appropriate in this case because, while respondent's misconduct reflected adversely on his fitness to practice law, no clients were injured directly as a result of the misconduct, nor did the incident reflect on respondent's ability to practice law, and respondent had acknowledged his guilt and his alcoholism and taken remedial action.

In *Isert v. KBA,* Ky., 834 S.W.2d 651 (1992), another attorney, John H. Isert, III, with similar alcohol related problems had resigned from the practice of law and sought reinstatement subject to monitoring regarding his "progress at remaining sober." Respondent, Rankin, volunteered and was appointed to serve as a monitor in Isert's case. We granted Isert's petition for reinstatement subject to appropriate monitoring.

■ Having substantial reservations about the propriety of Rankin agreeing to serve as monitor for Isert when he had a similar problem, our Court required briefs addressing this issue before proceeding further. Being persuaded by the briefs filed that the steps taken by Rankin to help Isert were taken in good faith to help a fellow attorney who was a recovering alcoholic, we will proceed to adopt the KBA's recommendations, including probation of the two-year suspension subject to appropriate conditions. Nevertheless, to avoid a questionable situation, we advise the Bar that in future cases an attorney facing disciplinary proceedings involving any alcohol related problem shall neither volunteer nor accept a formal position in the monitoring of a fellow attorney with a similar problem. While we encourage informal support, formal participation in an in-

terrelated case creates an unacceptable appearance of self-interest.

Therefore, being duly advised it is the order of this Court that the respondent is publicly reprimanded for his misconduct as set out above, and his license to practice law is suspended for six months from the date of this Order, with the period of suspension probated for two years on the following terms:

1) The respondent shall abstain from the consumption of alcoholic beverages.

2) The respondent shall continue attending Alcoholics Anonymous (AA) meetings and shall continue his regular conferences with his AA sponsor, Michael Stell.

3) Dennis R. McGlincy, who is an attorney at law practicing in Jefferson County, Kentucky, and a member of the Kentucky Bar Association's House of Delegates, has agreed to supervise the respondent during this probationary period. Mr. McGlincy shall submit quarterly reports to the Executive Director of the Kentucky Bar Association regarding the respondent's compliance with the terms and conditions of this Order. At any time Mr. McGlincy becomes aware of the respondent's violation of any of the terms of this Order, Mr. McGlincy shall immediately notify the Executive Director of the Kentucky Bar Association. Mr. McGlincy or his successor, if any, shall serve on the respondent, by first class mail, postage prepaid, a copy of any quarterly report or any non-compliance notice.

4) The responsibilities of Mr. McGlincy or his successor, if any, under this Order shall be as follows:

a) Obtaining an affidavit of other appropriate verification from the respondent and the respondent's AA sponsor of the following questions:

i) Has the respondent abstained from the consumption of alcoholic beverages during the time period covered by the particular quarterly report?;

ii) Has the respondent continued to attend AA meetings?

b) Review of the records of the Jefferson District Court and Jefferson Circuit Court to determine if the respondent has been involved in any DUI, Public Intoxication or other alcohol-related incidents during the particular quarterly reporting period; and

c) Whatever other direct contact with the respondent Mr. McGlincy deems appropriate to discharge his responsibilities as set forth in the within Order during the probationary period.

5) The respondent's AA sponsor, Michael Stell, has agreed to notify the Kentucky Bar Association of any failure to satisfy the terms of this Order set forth in numerical paragraphs one and two. Upon the entry of this Order, counsel for the respondent shall notify Mr. Stell that any such report of such noncompliance shall be submitted to Mr. McGlincy, or his successor, if any.

6) In the event the respondent violates the terms of this sanction within two years of the date of an Order from the Kentucky Supreme Court approving this sanction, the Kentucky Bar Association may file a Motion with the Supreme Court requesting the issuance of a Show Cause Order directing the respondent to show cause, if any he has, why the six-month suspension should not be imposed.

7) At the expiration of the probation period of two years set forth above, and in the event of the respondent's full compliance with, and performance of, all of the conditions imposed herein, the Order of Suspension shall be terminated, and all of the terms of the respondent's probation shall be terminated, and Mr. McGlincy, or his successor, if any, shall be discharged from any further responsibilities under this Order.

STEPHENS, C.J., COMBS, LAMBERT, LEIBSON and SPAIN, JJ., concur.

REYNOLDS and WINTERSHEIMER, JJ., would review the recommendation.

ENTERED: September 30, 1993.

/s/ Robert F. Stephens
CHIEF JUSTICE