**KENTUCKY BAR ASSOCIATION,** Complainant,

v.

**Stephen R. DUNN, Respondent.**

**No. 97–SC–1076–KB.**

Supreme Court of Kentucky.

March 19, 1998.

## OPINION AND ORDER

 Respondent, Stephen R. Dunn, of Providence, Kentucky, was admitted to practice in the Commonwealth of Kentucky on October 3, 1979.

On March 10, 1997, the Inquiry Tribunal issued a one count charge against Respondent charging him with unethical and unprofessional conduct in violation of SCR 3.130–8.3(b) arising from his arrest on June 13, 1996. On that date, at 9:45 p.m., a police officer observed Respondent driving in the wrong lane of traffic. Four other drivers ran their vehicles off the road to avoid a collision with Respondent's car. When the officer tried to stop him, the Respondent sped up and drove about five miles down the road before pulling into a driveway. Respondent was initially charged with four Class D felony counts of first-degree wanton endangerment; reckless driving; attempting to elude an officer; and driving under the influence of intoxicants, first offense. Pursuant to a plea agreement, the Respondent pled guilty to four misdemeanor counts of wanton endangerment and one count of driving under the influence of alcohol, first offense. Respondent was fined $200 and sentenced to 365 days incarceration of which 335 days were conditionally discharged. A condition of his discharge was that he refrain from using alcoholic beverages. He served seven days in the Webster County Jail on weekends and 23 days of monitored home incarceration with work release. He was also directed to attend a substance abuse program at Green River Comprehensive Care. Respondent self-reported these incidents.

On March 10, 1997 (coincidentally the same day the first charge was issued by the Inquiry Tribunal), the Respondent was again arrested for driving under the influence of alcohol following an accident which resulted in the driver of the other car being injured. Respondent pled guilty to one count of driving under the influence of intoxicants (alcohol), second offense, was sentenced to 90 days incarceration, with 60 days conditionally discharged and was allowed work release. He was fined $350 and again ordered to complete an alcohol treatment program. At oral argument before the Board, the Respondent conceded that the conduct which gave rise to his second conviction constituted a violation of his conditional release under the first conviction.

In an affidavit appended to his brief before the Board of Governors, Respondent acknowledged that, despite his first letter to the Board of Governors detailing the steps he was taking to counteract his drinking problem, he did not believe himself to be an alcoholic at the time of that first offense and resented having to attend AA meetings. In the affidavit, he attributed his alcohol problems to his divorce, the attendant financial difficulties, and overwork. He claimed that he recognized and was dealing with his problem through AA and participation in a state-ordered alcohol program.

While the Respondent conceded the factual matters, he argued that his criminal charges did not rise to the level of a violation of SCR 3.180–8.3(b), because his acts were not intentional, but, rather, were merely a product of addiction.

The Board of Governors found our case of *Kentucky Bar Association v. Rankin*, Ky., 862 S.W.2d 894 (1993), to be on "all fours" with that of the Respondent herein. In *Rankin*, the respondent pled guilty to second-degree wanton endangerment, two counts of fourth-degree assault, and one count of operating a motor vehicle under the influence of intoxicants, all arising out of an automobile accident caused by the then intoxicated respondent. The convictions constituted a violation of the Code of Professional Responsibility DR 1–102(A)(6) [1] prohibiting conduct which tends "to bring the bench and bar into disrepute." The Board of Governors recommended, and we imposed, a penalty of a public reprimand and a six-month suspension, with the period of suspension probated for two years on conditions ensuring that the respondent would refrain from alcohol and undergo a rehabilitation program under the supervision of a court-appointed monitor who would submit quarterly reports to the Kentucky Bar Association.

■ After oral argument, by a majority vote, the Board of Governors found the Respondent herein not guilty of Count I, guilty of Count II, and recommended a six-month suspension, probated for two years under the following conditions:

(1) that the Respondent abstain from the consumption of alcoholic beverages;

(2) that the Respondent continue attending Alcoholics Anonymous (AA) meetings;

(3) that the Respondent submit to supervision by an attorney as approved by the Executive Director of the Kentucky Bar Association, the terms of said supervision to be equivalent to those set out in *Kentucky Bar Association v. Rankin*, Ky., 862 S.W.2d 894, 895–96 (1993), as more specifically agreed to by the Respondent and the Executive Director of the Kentucky Bar Association.

The Respondent has not petitioned for review pursuant to SCR 3.670 from the Board's decision.

SCR 3.130–8.3(b) provides:

Rule 8.3. **Misconduct.**

It is professional misconduct for a lawyer to:

(b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or *fitness as a lawyer in other respects* [.]

(Emphasis added).

We are persuaded that Respondent's conduct fits within the above language, especially in view of the facts that he has conceded. Accordingly, the recommendation of the Board of Governors is hereby adopted pursuant to SCR 3.370(9).

IT IS THEREFORE ORDERED that the Respondent's license to practice law is hereby suspended for six months from the date of this Order, with the period of suspension probated for two years on the following conditions:

(1) That the Respondent abstain from the consumption of alcoholic beverages;

(2) That the Respondent shall continue attending Alcoholics Anonymous (AA) meetings;

(3) That the Respondent submit to supervision by an attorney as approved by the Executive Director of the Kentucky Bar Association, the terms of said supervision to be equivalent to those set out in *Kentucky Bar Association v. Rankin*, Ky., 862 S.W.2d 894, 895–96 (1993), as more specifically agreed to by the Respondent and the Executive Director of the Kentucky Bar Association.

(4) That the Respondent pay all costs of this action in the amount of $196.78.

(5) In the event the Respondent violates the terms of this Order within two years of the date, the Kentucky Bar Association may file a motion with the Supreme Court requesting the issuance of a Show Cause Order directing the Respondent to show cause, if any he has, why the six-month suspension should not be imposed.

(6) At the expiration of the probation period of two years set forth above, and in the event of the Respondent's full compliance

**1.** We note at p. 894 of the opinion that "[t]he substance of these rules is now contained in SCR 3.130–8.3."

with, and performance of, all of the conditions imposed herein, the Order of Suspension shall be terminated, and all of the terms of the Respondent's probation shall be terminated, and the designated supervising attorney shall be discharged from any further responsibilities under this Order.

All concur.

Entered: March 19, 1998.

/s/ Robert F. Stephens
  Chief Justice