KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Stephen Ray DUNN, KBA Member
No. 19615, Respondent.

No. 2002–SC–0711–KB.

Supreme Court of Kentucky.

Dec. 19, 2002.

## OPINION AND ORDER

Respondent, Stephen Ray Dunn, of Providence, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky in October of 1979. In an Opinion and Order entered on March 19, 1998 (1998 Order), we suspended Respondent from the practice of law for six months, probated for two years. *See Kentucky Bar Ass'n v. Dunn*, Ky., 965 S.W.2d 158 (1998). The 1998 Order resulted from two separate incidents where Respondent was operating a motor vehicle under the influence of alcoholic beverages. Following the first incident, which occurred on June 13, 1996, Respondent pled guilty to four misdemeanor counts of wanton endangerment and one count of driving under the influence (DUI), first offense. During the sec-

ond incident, which occurred on May 10, 1997, Respondent caused an accident that resulted in another motorist being seriously injured. Respondent was arrested and subsequently pled guilty to one count of DUI, second offense.

On September 30, 1998, following the 1998 Order, Respondent was indicted for first-degree assault by the Hopkins County Grand Jury. The assault charge arose from the injuries the other driver suffered from the 1997 accident caused by Respondent. Before the Hopkins Circuit Court, on August 30, 1999, Respondent entered a plea of guilty to second-degree assault, a class C felony. As a result of his guilty plea, Respondent was automatically suspended from practicing law. SCR 3.166(1). In November of 1999, the circuit court sentenced Respondent to a term of seven years imprisonment. In February of 2000, Respondent was released after the court granted his motion for shock probation. Under the terms of that order, Respondent was placed on probation for five years, or until February of 2005.

Pursuant to the terms of the 1998 Order, Respondent applied for reinstatement to the practice of law. On May 3, 2001, a hearing was held before the Character and Fitness Committee (Committee) regarding Respondent's reinstatement application. During the hearing, procedural questions arose regarding Respondent's felony guilty plea, and the Committee placed the reinstatement application in abeyance. On June 4, 2001, the Inquiry Commission, having been advised of the felony guilty plea, issued a complaint against Respondent. On November 20, 2001, the Inquiry Commission charged Respondent violated SCR 3.130–8.3(b) by committing a criminal act resulting in his conviction for second-degree assault. In his answer to the charge, Respondent argued that the Kentucky Bar Association (KBA) was estopped

from instituting further action against him because of the punishment rendered by this Court in the 1998 Order.

The matter then went before the Board of Governors (Board) of the KBA. Following oral arguments, the Board considered the issue of whether Respondent was guilty of professional misconduct. A majority of the Board determined that Respondent was guilty and recommended that he be suspended from the practice of law until the probation for his felony conviction has been completed.

■ Respondent argues that the conduct, for which he currently faces disciplinary action, was already fully considered by this Court in 1998. Respondent also states that his intoxication, as well as the injury suffered by the other driver in the auto accident, was the basis for the second-degree assault charge. Respondent also notes that this was mentioned in the 1998 Order.

Respondent is correct in noting that the auto accident was mentioned in the 1998 Order. However, we could not have considered the assault charge in the 1998 Order because Respondent was indicted for that charge after the order was entered. Thus, this assertion has no merit.

Respondent also attempts to distinguish "conduct" from "conviction," and argues that he is being unduly punished for his conviction. We disagree. The present matter was not brought against Respondent solely because he was in a DUI accident. Here we consider his conviction for the crime of second-degree assault against an innocent victim. While Respondent's second DUI conviction and the assault conviction may have arisen from the same incident, the two offenses are distinct. Thus, the assault committed by Respondent against the other driver, which we now consider, constitutes an instance of

misconduct that is separate from the DUI offense.

■ SCR 3.130–8.3(b) provides that it is professional misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." While Respondent's conviction for second-degree assault may not adversely reflect on his honesty or trustworthiness, it certainly falls within his "fitness as a lawyer in other respects."

Respondent's actions caused an innocent motorist to suffer numerous severe physical injuries. The Victim Impact Statement from the second-degree assault case reveals that the other driver's injuries included crushed vertebrae, facial lacerations requiring plastic surgery, a shoulder injury requiring surgery, a neck injury, and a loss of peripheral vision. This was indeed an egregious act of misconduct on Respondent's part, to which he has admitted.

Respondent also directs this Court to *Kentucky Bar Ass'n v. Jones*, Ky., 759 S.W.2d 61 (1988), where the intoxicated respondent attorney's behavior caused the deaths of two individuals in a motor vehicle collision. The respondent was convicted by a jury on two counts of reckless homicide and was sentenced to two years on each count, which were ordered to run concurrently. *Id.* at 62. We then suspended the respondent from the practice of law for two years. *Id.* at 64. Since the respondent attorney in *Jones, supra,* who was responsible for two deaths, was only suspended for a period of two years, Respondent asserts that it would be "grossly unfair" to suspend him until 2005. We disagree.

In *Jones, supra,* the respondent attorney was suspended from the practice of law for a period of time that equaled his prison term. Even though Respondent is not currently incarcerated, he remains on probation until February of 2005. If Respondent violates the terms of his probation, then he could be returned to prison. We do not think continuing Respondent's suspension until his probation has ended is unduly harsh, much less grossly unfair. Further, we consider each case on its own merits. We believe the discipline the Board seeks to impose is appropriate given the circumstances of this matter. Accordingly, this Court hereby adopts the Board's recommendation.

Upon the foregoing facts and charges, it is **ORDERED** that:

1. Respondent, Stephen Ray Dunn, of Providence, Kentucky, is hereby suspended from the practice of law until his criminal probation, for his felony conviction of second-degree assault, is completed.

2. Respondent shall pay costs of this action totaling $275.40.

LAMBERT, C.J.; COOPER, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents because he would first refer this matter to the Character and Fitness Committee for a report before rendering a decision.

Entered: December 19, 2002.

/s/ Joseph E. Lambert
CHIEF JUSTICE