Gregory N. HOLMES, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2003–SC–0137–KB.

Supreme Court of Kentucky.

Aug. 21, 2003.

Peter L. Ostermiller, Louisville, Counsel for Appellant.

Bruce Davis, Executive Director, Benjamin Cowgill, Chief Bar Counsel, Kentucky

Bar Association, Frankfort, Counsel for Appellee.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Gregory N. Holmes, whose last known address is Louisville, Kentucky, has moved for disciplinary suspension and dissolution of a temporary suspension order pursuant to SCR 3.480(3). He requests this Court to enter an order suspending him as an attorney in the Commonwealth for a period of 90 days from the date of the order and dissolving the temporary suspension order previously entered by this Court, all pursuant to the terms and conditions of his motion. Thereby, he seeks to terminate this disciplinary proceeding.

Holmes was charged with bribery of a public servant, bigamy and theft by deception over $100. After an extended trial, the jury rendered verdicts of guilty as charged in April 1993. At final sentencing, he was sentenced to five years for bribery, five years for bigamy and three years for the theft charge. He appealed and his conviction was reversed.

On June 18, 1993, the KBA filed a petition for temporary suspension based on the June 3, 1993 conviction. Thereafter, on August 5, 1993, the Inquiry Tribunal issued a charge against Holmes relying on that conviction.

Holmes was temporarily suspended from the practice of law based on his conviction in a criminal proceeding in Jefferson Circuit Court. Ultimately, the judgment of conviction was reversed by the Kentucky Court of Appeals and remanded to the circuit court. There, the matter was resolved by Holmes entering a guilty plea to two Class B misdemeanors of official misconduct in the second-degree. He received a conditionally discharged 90-day sentence and 100 hours of community service which have been completed.

Following reversal of the conviction and remand, this Court denied both a motion and renewed motion by Holmes to dissolve the temporary suspension.

In December 1999, Holmes filed a verified motion that his disciplinary case be concluded on terms virtually identical to those proposed in the pending motion. The KBA filed a response that it did not object to that motion.

In February 2000, this Court denied the motion and remanded the case to the KBA "with directions that a trial commissioner be appointed for the purpose of conducting a full evidentiary hearing consistent with all rules, statutes and cases applicable at the time of the offenses." We denied the motion by Holmes to reconsider, expand or clarify that order. A subsequent motion seeking the same relief was also denied as an unauthorized pleading.

The KBA, through Chief Bar Counsel Benjamin Cowgill, responds to this motion for suspension and dissolution of the temporary order by agreeing with the request by Holmes to grant the motion for a 90-day suspension. KBA counsel states the motion was the product of communications with the KBA pursuant to SCR 3.480(2) and that the KBA has agreed to the terms set out in the motion. KBA counsel asserts that the terms constitute an appropriate disposition of the pending disciplinary case. KBA counsel states that some delay in the disciplinary case was occasioned by difficulties in obtaining and transcribing relevant portions of the testimony in the criminal case. According to KBA counsel, a more significant problem occurred in locating and retrieving the voluminous trial exhibits that had been introduced during the 1993 criminal trial. KBA counsel claims that those trial exhibits were, and continue to be, essential to the

prosecution of the disciplinary case because the discipline grew out of the criminal conduct. Ultimately, the KBA determined that portions of the record from the criminal matter could not be reconstructed or retrieved.

Holmes states that he has not practiced law in Kentucky since July 12, 1993, the date of the order of temporary suspension, and that he will not practice law in Kentucky during the term of the suspension requested in his motion unless and until he is reinstated by this Court. He acknowledges that his conduct supports the imposition of a 90–day suspension from the practice of law. He states that he does not have any clients and, therefore, there is no one to whom he can provide notice of any suspension pursuant to SCR 3.390. He acknowledges that his reinstatement to the active practice of law would be governed by SCR 3.510(4) and in particular, the reinstatement provision regarding persons who have been suspended for more than five years.

Considering the admission by Holmes that his behavior was unethical and in view of the fact that his temporary suspension from the practice of law has been for nine years and that any reinstatement would be governed by SCR 3.510(4):

IT IS HEREBY ORDERED that Gregory N. Holmes is suspended from the practice of law in Kentucky for 90 days from the date of the entry of this Order. The order of temporary suspension is dissolved.

He shall not engage in the practice of law unless or until he is reinstated pursuant to SCR 3.510(4).

Holmes shall pay all the costs associated with the disciplinary investigation in the amount of $8,994.00, for which execution may issue. Upon the completion of the conditions set out in this order, the disciplinary proceeding against Holmes shall be terminated.

LAMBERT, C.J., COOPER, KELLER and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion and is joined by GRAVES and JOHNSTONE, JJ.

ENTERED: August 21, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE

WINTERSHEIMER, Justice, Dissenting:

I must respectfully dissent from the opinion and order because the suspension imposed is insufficient as discipline for the underlying misconduct in this case.

There is a significant difference between criminal conduct and misconduct which is the subject of professional discipline. The motion itself recognizes that additional punishment is justifiable for the underlying professional misconduct. A lawyer is an individual who should be above reproach. The public must be able to repose confidence and trust in members of the legal profession. Anyone can have a flaw or misjudgment in the approach to any particular matter. In this case, the behavior which involves bribery of a public official, bigamy and theft by deception is extremely serious no matter what the criminal sanctions imposed.

The Court of Appeals opinion which reversed the conviction recited a detailed fact situation. In 1987, the Kentucky Board of Medical Licensure filed a complaint against Dr. Diane Shafer, an orthopedic surgeon from Paintsville. The investigation continued for several years and hearings began in July 1989. Holmes, then an Assistant Attorney General, served as the appointed hearing officer for the Board. On July 19, 1989, at the conclusion of the evidence presented by the

Board, Holmes suggested that the parties try to settle. In November 1989, the Board rejected a signed settlement agreement and ordered that the hearing be completed by January 31, 1990. However, by August 1989, Holmes and Shafer had begun an extracurricular relationship. There were numerous lengthy telephone conversations and the suggestion that they travel together and that Holmes spend Thanksgiving holidays with Shafer and her family in Paintsville.

The Board completed its evidence on December 28, 1989, but the charges against Shafer were not resolved until August 1, 1991, when an order of dismissal was entered by Holmes finding that there was no statutory violation.

In the interim, unknown to the Board, Holmes and Shafer had married in Sevierville, Tennessee and traveled to New York City, Las Vegas, Bermuda, the Bahamas, French Lick, Indiana and Cancun, Mexico. The couple had cohabited on weekends in an apartment leased by Shafer in Lexington. Shafer had purchased a custom tandem bicycle for which she and Holmes were fitted, and she had given him approximately $42,000. Holmes later denied the relationship and the travels, but witnesses were able to easily identify the pair because he was blind and stocky, and she was over 6 feet tall.

In June 1992, a search · warrant was executed at the home of Shafer and among items seized was the marriage license from Tennessee. In the words of the Court of Appeals, this presented a particular problem for Holmes because he had since married Kathryn Alexander Harmon, his secretary at the Attorney General's office and with whom he had been living since 1985. Harmon's house in Louisville was searched on June 6, 1992, and the next day she learned of Holmes' marriage to Shafer.

As the evidence against Shafer and Holmes was gathered, it became evident that Holmes had falsely claimed compensation from the Attorney General's office for days which he had not worked. Harmon had prepared at least some of these time sheets. Holmes was dismissed by the Attorney General in July 1992, and Harmon resigned in August of that year.

As part of the indictments returned against all three, Holmes was charged with bribery of a public servant, bigamy and theft by deception over $100. Harmon was charged with complicity to commit theft by deception and Shafer was charged with bribery of a public official. After an extended trial, the jury rendered verdicts of guilty as charged in April 1993. At final sentencing, Harmon received one year, probated for five years; Shafer received five years of incarceration. Holmes was sentenced to five years for bribery, five years for bigamy and three years for the theft charge. All three appealed.

Ultimately, in 1995, a panel of the Court of Appeals reversed and remanded the convictions. They reasoned that the defendants were entitled to separate trials; that polygraph evidence was improperly introduced and that the Commonwealth withheld exculpatory evidence. Following reversal of the conviction and remand, this Court denied both a motion and renewed motion by Holmes to dissolve the temporary suspension. After remand, the case against Holmes was resolved by his entering a plea of guilty to two Class B misdemeanors.

In December 1999, Holmes filed a verified motion that his disciplinary case be concluded on terms virtually identical to those proposed in the pending motion. The KBA filed a response that it did not object to that motion.

In February 2000, this Court denied the motion and remanded the case to the KBA

"with directions that a trial commissioner be appointed for the purpose of conducting a full evidentiary hearing consistent with all rules, statutes and cases applicable at the time of the offenses." We denied the motion by Holmes to reconsider, expand or clarify that order. A subsequent motion seeking the same relief was also denied as an unauthorized pleading.

It has been frequently noted by this Court in disciplinary matters that an attorney is an officer of the Court and it is the duty and responsibility of that attorney to conduct his or her personal and professional life in a manner as to be above reproach. "The conduct of even one attorney which would embarrass the legal profession will not be tolerated." *See Kentucky State Bar Ass'n v. Vincent,* Ky., 537 S.W.2d 171 (1976); *accord Kentucky Bar Ass'n v. Jones,* Ky., 759 S.W.2d 61 (1988); *Kentucky Bar Ass'n v. Dunn,* Ky., 965 S.W.2d 158 (1998); *see also* SCR 3.130(8.3).

There is a popular public perception that lawyers should be held to a higher ethical standard, both professionally as well as personally. I hope that that view will not become a legal cliché or a mythical concept.

The motion by Holmes which is agreed to by the Kentucky Bar Association, contains no hint of remorse and no expression of contrition, but only a bald assertion as to what the punishment should be. In effect, it dictates the terms of the additional professional disciplinary sanction.

This matter should be subject to a complete and comprehensive review by the Character and Fitness Committee.

GRAVES and JOHNSTONE, JJ., join this dissenting opinion.