**Jeffrey C. McKENZIE, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2005–SC–0943–KB.**

Supreme Court of Kentucky.

Feb. 23, 2006.

## OPINION AND ORDER

Movant, Jeffrey C. McKenzie, whose bar roster address is 2615 Cleinview Avenue, Apt. #3, Cincinnati, Ohio, has been charged with violations of SCR 3.130–1.3, 1.4(a) and 1.16(d) by the Kentucky Bar Association. These charges arise from Movant's failure to properly handle a client's bankruptcy matter, and are contained in KBA File #10803. At the time these charges were brought, KBA File #9978 was pending against Movant. Therein, Movant is charged with violation of SCR 3.130–8.3(b) by engaging in criminal conduct, and for violation of SCR 3.130–8.1(b) by failing to respond to lawful demands for information by the KBA concerning this criminal conduct. Movant now moves this Court to impose the sanction of suspension until March 28, 2008, of which 120 days would be served with the remainder conditionally probated. The KBA has no objection to the motion.

We first address the incidents giving rise to KBA File #9978. In addition to practicing law, Movant is also a registered nurse. On October 18, 2002, the Movant arrived at the parking lot of St. Luke's Hospital in Florence, Kentucky, brandishing a loaded gun and behaving erratically. Claiming that several men were threatening him, he shot two holes through his car window. Later, Movant tested positive for cocaine and additional drugs and syringes were discovered in his employee's locker in the hospital. No criminal charges were filed against Movant.

The KBA Inquiry Commission issued a complaint on December 11, 2002. Following repeated unsuccessful attempts via the postal service, the Kenton County Sheriff finally served the complaint on May 9, 2003. Movant filed a response on July 24, 2003. For the next year, the KBA made repeated attempts to obtain additional information concerning any criminal repercussions of his conduct, but Movant failed to reply to any of these communications. The KBA then charged Movant with a violation of SCR 3.130–8.3(b) by engaging in criminal conduct by testing positive for cocaine and by possessing additional illegal drugs. Also, the KBA charged Movant with a violation of SCR 3.130–8.1(b) for failing to respond to the KBA's requests for information from a disciplinary authority.

Movant then filed an answer to the KBA's charges and a trial commissioner was appointed. Meanwhile, the Kentucky Board of Nursing temporarily suspended Movant from the practice of nursing. The suspension was affirmed after Movant agreed to be referred to the Kentucky Alternative Recovery Effort (KARE) for nurses in lieu of formal disciplinary action. Recognizing that the KARE program is substantially similar to the Kentucky Lawyer's Assistance Program (KYLAP), the KBA and Movant began exploring the possibility of consensual discipline.

In the interim, charges were brought in KBA File #10803 for violations of SCR 3.130–1.3, 1.4(a) and 1.16(d). All charges related to Movant's handling of a bankruptcy matter for his client, Nancy Landers. Mrs. Landers and her husband met with Movant, who agreed to handle their petition for bankruptcy and collected a fee for such. Thereafter, communication between attorney and client was sporadic and, frustrated by Movant's inability to inform her about the status of the case, she contacted the KBA Client Assistance Program. Though Movant disputed portions of Mrs. Landers' version of events, it is undisputed that Movant never filed the bankruptcy petition despite informing his

client that he had, failed to return the fee paid by Mrs. Landers, and failed to timely notify Mrs. Landers that his practice had been closed and her case forwarded to another attorney.

The Board of Governors found Movant guilty of three counts. Movant violated SCR 3.130–1.3 by failing to exercise reasonable diligence and promptness in representing Mrs. Landers, and by failing to file or pursue her petition for bankruptcy. Movant violated SCR 3.130–1.4(a) by failing to keep Mrs. Landers informed about the status of her bankruptcy matter and by failing to respond to her requests for information. Finally, Movant violated SCR 3.130–1.16(d) by failing to refund that portion of the fee paid to him by Mrs. Landers that had not been earned. Movant admits that he is guilty of all three counts.

We also note that Movant was previously suspended from the practice of law on January 16, 2004, for the non-payment of bar dues and non-compliance with continuing legal education requirements. He currently remains suspended.

Movant recognizes that a serious drug abuse problem lies beneath all of the above-referenced charges, and acknowledges guilt in all five counts. He now moves this Court for suspension until March 28, 2008, of which 120 days would be served, with the remainder conditionally probated. This suspension would serve as combined discipline for both charges brought against Movant, and would also incorporate a pre-existing supervision agreement through KYLAP. The supervision agreement also expires on March 28, 2008. The KBA has no objection to Movant's motion.

We have reviewed cases with similar circumstances and charges. *See KBA v. Colston*, 54 S.W.3d 158 (Ky.2001) (attorney's criminal conduct resulted in a sus-

pension of six months with the suspension conditionally probated for two years); *KBA v. Rankin*, 862 S.W.2d 894 (Ky.1993) (attorney's criminal conduct warranted a public reprimand and probated six-month suspension). However, we must also take into account the nature of Movant's criminal conduct and the fact that he is currently suspended for non-payment of dues and non-compliance with CLE requirements. Nonetheless, we have also considered Movant's compliance with the KARE supervision agreement for the past two years, and his willingness to continue to abide by the terms of both the KARE and KYLAP supervision agreements. The KARE supervision agreement is a five-year agreement and requires Movant's complete sobriety, as well as chemical dependency treatment, random drug testing, and participation in a twelve-step program such as Alcoholics Anonymous. The KBA Supervision Agreement similarly requires that Movant abstain from all alcohol and drugs, report on a monthly basis to the Director of KYLAP, and abide by the terms of his supervision agreement with KARE.

Therefore, being duly advised, it is the order of this Court that Movant is suspended from the practice of law until March 28, 2008, with one hundred twenty (120) days to serve and the remainder conditionally probated according to the following terms:

(1) Movant abide by all the conditions of supervision by KYLAP as set forth in the "Supervision Agreement" entered into on October 14, 2005;

(2) Movant comply with all the terms of the "Program Agreement" entered into with the Kentucky Board of Nursing Alternative Recovery Effort for Nurses on March 28, 2003;

(3) In the event Movant violates the terms of this sanction at any time prior to

March 28, 2008, the KBA may file a motion with this Court requesting the issuance of a show cause order directing Movant to show cause, if any, why his probation should not be revoked and why the remainder of the suspension period should not be imposed;

(4) At the expiration of the probation period set forth above, and in the event of Movant's full compliance with, and performance of, all of the conditions imposed herein, the Order of Suspension shall be terminated, and all of the terms of Movant's probation shall be terminated;

(5) Due to Movant's current suspension for non-payment of bar dues and non-compliance with CLE requirements, Movant shall not be eligible for reinstatement under SCR 3.510 until such time as any CLE deficiency of record and existing requirements are met as set forth in SCR 3.675;

(6) The Movant shall pay all costs associated with the investigation and proceedings of KBA File # 9978 and File # 10803, in accordance with SCR 3.450, which now totals $230.38, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: February 23, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE