James Grant KING, Movant

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2012–SC–000300–KB.

Supreme Court of Kentucky.

Aug. 23, 2012.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Movant, James Grant King, KBA Number 88465, receive the sanction of a public reprimand, subject to the conditions set forth below, for his admitted violation of SCR 3.130–8.4(b) of the Rules of Professional Conduct as set forth in the Charge in KBA File 17346.

Movant was originally admitted to the practice of law in Kentucky on October 23, 2000, and maintains a bar roster address of 115 Noah Cove, Ste A, Paducah, Kentucky, 42003.

This matter results from Movant's conviction for Driving Under the Influence, third offense, which resulted in his receiving a jail sentence of 180 days (30 to serve with the remainder conditionally discharged for two years), and his subsequent conviction for driving on a suspended license, which was also in violation of the conditions of his conditional discharge in the DUI case (and resulted in the revocation of 100 days of the aforementioned conditional discharge time). In connection with the DUI charge, Movant also pled guilty to endangering the welfare of a minor.

Based on these events, on February 28, 2012, the Inquiry Commission issued a one-count charge against Movant alleging a violation of SCR 3.130–8.4(b), which provides that it is professional misconduct for a lawyer to "Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Movant now admits that he violated this rule, and Movant and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2), as herein described, in order to resolve this matter. Pursuant to the negotiated sanction, Movant would receive a public reprimand for his violations, subject to certain conditions as detailed below.

The primary condition imposed is that, in connection with the disposition of this disciplinary action, Movant has entered into a new KYLAP supervision agreement and will submit quarterly monitoring reports regarding his compliance or non-compliance with the KYLAP supervision agreement for a period of two years, commencing with the entry of an order in this matter. Should Movant violate his KYLAP Agreement, or commit any further ethical violations or criminal offenses, he agrees that the public reprimand will be converted to a 61–day suspension.

Movant acknowledges his issues with alcohol and has sought KYLAP assistance to facilitate his earnest desire to maintain his sobriety. Taking this into account, and after reviewing the facts and relevant case law, we are persuaded that the appropriate discipline in this matter is a public reprimand, with conditions. *See, e.g., Witt v. Kentucky Bar Association,* 237 S.W.3d 548 (Ky.2007) (conviction for driving under the influence and disorderly conduct involving firing gunshots into the air resulted in public reprimand for violation of SCR 3.130–8.3(b) [now 8.4(b) ] ); *Kentucky Bar Association v. Dunn,* 965 S.W.2d 158 (Ky.1998) (conviction for driving under the influence and four counts of wanton endangerment resulted in six month suspension probated for two years with monitoring and other conditions); and *Kentucky Bar Association v. Rankin,* 862 S.W.2d 894 (Ky.1993) (conviction for wanton endangerment, assault and DUI warranted Public Reprimand and probated six-month suspension). Movant's conduct presents factors consistent with these cases and accordingly similarly warrants a public reprimand with conditions.

Pursuant to SCR 3.480(2), where an attorney and the KBA have agreed to a

negotiated sanction, this Court may approve the sanction or remand the case for further proceedings. Having thoroughly reviewed the record in this case, we now enter a final order pursuant to SCR 3.370(9) adopting the Board's recommendation.

Therefore, it is hereby ORDERED that:

1) Movant, James Grant King, KBA Member No. 88465, is adjudged guilty of violating SCR 3.130–8.4(b), which provides that it is professional misconduct for a lawyer to "Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

2) Movant is hereby given a public reprimand for the above stated violation, subject to his adherence to the following conditions, the violation of which may result in the conversion of the public reprimand to a suspension of 61–days:

a) Movant shall not commit any crimes, including misdemeanors and felonies;

b) Movant shall comply with his Supervision Agreement with the KBA and KYLAP and comply with all of the terms therein. Movant shall also pay all costs for testing as required by the Supervision Agreement;

c) Movant shall sign authorizations allowing the Kentucky Bar Association to review his records held by the Kentucky Lawyer's Assistance Program, mental health professionals, social workers, and any and all medical records and mental health records;

d) The Director of KYLAP will file quarterly reports with the Disciplinary Clerk of the Kentucky Bar Association for distribution to the Office of Bar Counsel and Movant or Movant's counsel. These reports shall state whether the Movant is complying with the terms and conditions in any Court order resulting from this disciplinary proceeding;

e) If at any time the KYLAP Director becomes aware of the Movant's violations of any of the terms of any Court order resulting from this disciplinary proceeding or the Supervision Agreement with KYLAP, the KYLAP Director shall immediately file a notice of such violations with the Disciplinary Clerk of the Kentucky Bar Association for distribution to the Office of Bar Counsel and Movant or Movant's counsel;

f) Movant shall timely pay his Kentucky Bar Association membership dues; and

g) Movant shall timely satisfy all Continuing Legal Education (CLE) requirements.

3) If the Movant violates any of the terms or conditions as stated in this order or the Supervision Agreement between himself and KYLAP within two years of the date of this order, or receives a charge of professional misconduct during the two-year probationary period, the Kentucky Bar Association may file a motion with this Court requesting Movant to show cause why the public reprimand should not be converted to a 61–day suspension.

4) If at the expiration of the probationary period Movant has fully complied with the requirements as set forth herein, all terms and conditions imposed under this order shall be deemed terminated.

5) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $78.65, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 23, 2012.

/s/ John D. Minton, Jr.
    Chief Justice