**1.** KBA Member No. 82747, admitted to practice law in Kentucky in 1988, bar roster address, 6601 Dixie Highway, Florence, Kentucky 41042.

Chief Justice

**Michael W. LYONS, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

**No. 2011–SC–000514–KB.**

Supreme Court of Kentucky.

Oct. 25, 2012.

### *OPINION AND ORDER*

By order entered in this case on October 27, 2011, we accepted the terms of an agreed disposition of the bar complaint against Michael W. Lyons.[1] In that order, we privately reprimanded Lyons and imposed conditions upon him for violating SCR 3.130–8.4(b)[2] after he pleaded guilty to an aggravated DUI, second offense. Less than seven months elapsed before Lyons was arrested again for drunk driving; and he pleaded guilty to a third-offense DUI on August 9, 2012. The KBA has now moved this Court to convert the private reprimand into an order of public reprimand. Lyons does not contest this sanction.

In our prior order, we accepted Lyons's agreement to terms requiring him to "comply with the terms of his Kentucky Lawyers Assistance Program (KYLAP) Supervision Agreement and submit quar-

---

**2.** SCR 3.130–8.4(b) reads, "It is professional misconduct for a lawyer to: ... (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness[,] or fitness as a lawyer in other respects[.]"

terly status reports to the Office of Bar Counsel (OBC) for a period of two years from the date of this Court's Order" in addition to various other conditions as part of the private reprimand from the KBA. The KYLAP Supervision Agreement provided that Lyons agreed to "remain abstinent from all alcohol and other mind-altering drugs except on rare occasions when medications are prescribed by an attending physician and when taken in accordance with such prescription."

On August 9, 2012, Lyons pleaded guilty in Kenton District Court Case No. 12–T–5764 to Driving Under the Influence of Alcohol, Third Offense, based upon an incident that occurred on May 7, 2012. The conditions of Lyons's private reprimand order allow the KBA to "file a motion to convert his private reprimand to a public reprimand" if Lyons failed to comply. And the KBA now so moves.

We determined that Michael W. Lyons violated SCR 3.130–8.4(b) for which in our prior order we imposed a private reprimand with conditions that required continued sobriety. He has now violated the conditions imposed by our prior order. Accordingly, we grant the KBA's motion and hereby publicly reprimand Lyons for professional misconduct.

All sitting. All concur.

ENTERED: October 25, 2012.

/s/ John D. Minton, Jr.
    Chief Justice