# Supreme Court of Kentucky
**TO BE PUBLISHED FINAL**
**DATE** 7-1-14 Susan Groumtp.C.
2014-SC-000157-KB

JAMES K. MURPHY                                                    MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESONDENT

## OPINION AND ORDER

The Movant, James K. Murphy, under SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against him (KBA File No. 21770) by imposing a public reprimand with conditions (including that the reprimand can be converted into a 61-day suspension if Movant fails to comply with the conditions). This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1993; his KBA member number is 84900. Movant's bar roster address is 312 S. 4th St., Suite 700, Louisville, Kentucky 40202.

Movant acknowledges the following facts.

On February 9, 2013, Movant was arrested for aggravated DUI, third offense. (Movant had two prior DUI convictions, one in June 2008 and one in March 2011.) After the arrest, he contacted KYLAP and executed a two-year supervision agreement. He has remained compliant with that agreement, participating in counseling and unannounced urinalysis tests (with no adverse

results). In his motion, he acknowledges that he has issues with alcohol and states that he sought KYLAP assistance out of an earnest desire to maintain his sobriety.

On June 28, 2013, Movant pleaded guilty to the offense, which is a class A misdemeanor under KRS 189A.010(5)(c). Movant did not, however, provide the Office of Bar Counsel with a copy of the judgment upon his conviction, as required by SCR 3.320.[1]

In January 2014, the Inquiry Commission issued a two-count charge against Movant alleging a violation of SCR 3.130-3.4(c)[2] for not complying with SCR 3.320 and a violation of SCR 3.130-8.4(b)[3] by committing aggravated DUI, third offense. Movant now admits that his conduct violated these Rules of Professional Conduct.

The Movant now asks this Court to enter an order in conformity with his negotiations with the KBA's Office of Bar Counsel. The proposed sanction is a public reprimand with the conditions that Movant comply with the terms of the supervision agreement with KYLAP and submit quarterly status reports to the

---

[1] SCR 3.320 states: "Any member of the Association who is convicted of a felony or class "A" misdemeanor, shall within 10 days following the plea of guilty, finding of guilt by a judge or jury, or upon the entry of judgment, whichever occurs first, file a copy of the judgment with Bar Counsel. The prosecuting attorney shall also file a copy of said judgment with Bar Counsel for action under SCR 3.160. Bar Counsel shall submit copies of the judgment to the Inquiry Commission which may take action under SCR 3.165."

[2] "A lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists ...." SCR 3.130-3.4(c).

[3] "It is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects ...." SCR 3.130-8.4(b).

2

Office of Bar Counsel for a period of two years following this order. Movant also has agreed that if he fails to comply with the conditions, the Office of Bar Counsel may move this Court to convert the reprimand to a 61-day suspension from the practice of law. Additionally, Movant agrees that his reprimand can be converted into a 61-day suspension if he receives a charge of professional misconduct for any conduct discovered or occurring after entry of this order.

The Office of Bar Counsel has no objection and asks that the motion be granted. Bar Counsel cites two cases that support the proposed sanction. *See King v. Kentucky Bar Ass'n*, 377 S.W.3d 541 (Ky. 2012) (imposing public reprimand, with two-year probationary period with conditions the violation of which would convert public reprimand into 61-day suspension, for DUI, third offense); *Lyons v. Kentucky Bar Ass'n*, 381 S.W.3d 317 (Ky. 2012) (converting private reprimand for DUI, second offense, to public reprimand upon subsequent conviction for DUI, third offense).

According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by the Movant. The Movant has no history of past discipline.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus,

3

acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations, the Movant's previous disciplinary record, and the cases cited by Bar Counsel, this Court concludes that the discipline proposed by Movant is adequate.

## Order

ACCORDINGLY, IT IS ORDERED THAT:

1. The Movant, James K. Murphy, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. The Movant is publicly reprimanded for his misconduct, on the condition that Movant comply with the terms of his existing supervision agreement with KYLAP and submit quarterly status reports to the Office of Bar Counsel for a period of two years following this order.

    a. If Movant fails to comply with the condition, the Office of Bar Counsel may move this Court to convert the reprimand to a 61-day suspension from the practice of law.

    b. This reprimand can also be converted into a 61-day suspension if Movant receives a charge of professional misconduct for any conduct discovered or occurring during the two-year period immediately following entry of this order.

3. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $86.19, for which execution may issue from this Court upon finality of this Opinion and Order.

4

All sitting. All concur.

ENTERED: June 19, 2014.

_____
Chief Justice