TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0478-KB

IN RE:   J. TODD P'POOL

IN SUPREME COURT

## OPINION AND ORDER

On November 15, 2025, J. Todd P'Pool ("P'Pool") moved this Court for entry of an order suspending him from the practice of law for 181 days, probated for two years with conditions, for a violation of the Rules of the Supreme Court ("SCR") 3.130(8.4)(b) as charged in Office of Bar Counsel ("OBC") File No. 24-DIS-0033.  Thereafter, OBC filed a response stating it had no objection to the order as requested.  For the following reasons, the motion is granted and the following sanctions imposed.

## I.  FACTS AND BACKGROUND

P'Pool was admitted to the practice of law in the Commonwealth of Kentucky on April 21, 2000.  His KBA membership number is 88295, and his bar roster address is PO Box 4166, Frankfort, KY 40604.

On or around November 19, 2023, P'Pool was pulled over by a law enforcement officer in Boyd County who was responding to a 911 call about P'Pool's driving.  The officer detected the odor of alcohol, and P'Pool admitted to having consumed alcohol.  While being placed into custody for driving under

the influence, P'Pool was alleged to have threatened and assaulted police and caused property damage. He was charged with DUI 1st, Wanton Endangerment 1st, two counts of Assault 3rd Degree on a Police Officer, Terroristic Threatening 3rd Degree, and Criminal Mischief 2nd Degree in Boyd County District Court criminal case 23-F-00404.

After posting bond, as a condition of his release, P'Pool was put on home incarceration with an ankle monitor at his residence in Franklin County. Nevertheless, while on home incarceration, in April 2024, P'Pool received another DUI charge in Shelby County, under case number 24-T-01816 in Shelby District Court. P'Pool pled guilty to the Shelby County DUI charge and was ordered to pay a fine and costs, and his driver's license was suspended for six months.

Because of the Shelby County DUI charge, the Boyd District Court scheduled a contempt hearing. That hearing was rescheduled multiple times because P'Pool had been enrolled in a long-term treatment facility. On November 13, 2024, P'Pool appeared for the contempt hearing, but rather than processing the contempt issue, he resolved his charges with an *Alford*[1] plea. He pled guilty to the DUI, Terrorist Threatening, and Criminal Mischief charges. His Wanton Endangerment charge was lowered to a misdemeanor Wanton Endangerment 2nd Degree charge, and his two counts of felony Assault on a Police Officer charges were lowered to two misdemeanor counts of Assault

---

[1] The plea was made pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970).

4th Degree. P'Pool pled guilty to both of the lessened charges. He was sentenced to twelve months of jail probated for two years on the condition that he pay fines, pay restitution for an ankle monitor, and comply with Kentucky Lawyer's Assistance Program ("KYLAP") for substance abuse issues.

In February 2024, the Inquiry Commission authorized a Complaint to be issued against P'Pool regarding the criminal charges. P'Pool responded on or around May 9, 2024, contesting the criminal charges but acknowledging that he had been struggling with alcohol abuse and wanted to take responsibility for his actions. The Inquiry Commission issued a two-count charge against P'Pool in December 2024, and P'Pool filed an Answer with the Disciplinary Clerk in April 2025.

Count One alleged a violation of SCR 3.130(8.4)(b) for committing a criminal act that reflects adversely on the lawyer, as it relates to P'Pool's criminal charges and guilty pleas in the Boyd District Court case. P'Pool admits that he violated Count One when he committed the actions which led to his arrest and criminal charges in the Boyd County District Court case 23-F-00404. He acknowledges pleading guilty to the misdemeanor charges of DUI 1st, Terroristic Threatening 3rd Degree, Criminal Mischief 2nd Degree, Wanton Endangerment 2nd Degree, Two Counts of Assault 4th Degree, and further admits that his actions violated SCR 3.130(8.4)(b) despite the fact that he entered his guilty pleas pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970). Count Two alleged a violation of SCR 3.130(3.4)(c) for knowingly and inexcusably disobeying an obligation under the rules of a tribunal when P'Pool

3

failed to comply with the conditions of his bond and home incarceration. P'Pool denies Count Two.

P'Pool has directed this Court's attention to the remedial actions he has taken to address his behavior and the underlying causes of his actions since before the Boyd District Court case was finalized, to wit:

1. [P'Pool] immediately self-reported the incident to the KBA and KYLAP;
2. [P'Pool] served five (5) days in the Boyd County Detention Center before a $5,000.00 cash bond was ordered;
3. [P'Pool] wore a home incarceration ankle monitor for 8 months at the rate of $12.50 per day;
4. [P'Pool] performed weekly or twice-weekly drug and alcohol testing at a rate of $45.00 per test for 8 months;
5. [P'Pool] attended regular AA and Celebrate Recovery meetings;
6. [P'Pool] attended monthly in-office counseling with a licensed professional therapist;
7. [P'Pool] voluntarily admitted and completed a 30-day residential substance treatment program; and
8. [P'Pool]'s license was suspended for eight months during the case proceedings.

P'Pool also points out that, since the conclusion of the Boyd County criminal case, he has had the following continued/additional obligations:

1. Paid fines, restitution, costs and attorney fees in excess of $10,000.00;
2. Completed Kentucky Alcohol Driver Education;
3. Continues monthly in-office counseling with a licensed professional therapist;
4. Continues regular AA and Celebrate Recovery Meetings;
5. Continues a prescription for Naltrexone under medical supervision; and
6. Performed over 100 hours of pro-bono service for Kentucky flood victims.

After approval by the Chair of the Inquiry Commission and the Kentucky Bar Association Immediate Past President, the parties negotiated and reached an agreement. P'Pool admits Count One but denies Count Two, and OBC

4

agrees to dismiss Count Two. P'Pool requests that this Court impose a 181-day suspension, probated for two years subject to conditions.

## II. ANALYSIS

Pursuant to SCR 3.480(2), the parties have agreed to the imposition of a 181-day suspension, probated for two years subject to conditions. Regardless of such agreement, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2).

The proposed sanction is consistent with our case precedent for similar cases. OBC directs our attention to three prior cases decided by this Court. In *Kentucky Bar Association v. Dunn*, 965 S.W.2d 158, 160 (Ky. 1998), we determined that a six-month suspension, probated for two years, was appropriate where the attorney violated what is now SCR 3.130(8.4)(b). After he drove the wrong way into traffic and caused four other vehicles to run off the road, Dunn pled guilty to four misdemeanor counts of wanton endangerment and one count of DUI first offense. *Id.* at 159. Less than a year after the first incident, Dunn injured another driver while he was driving drunk and ended up pleading guilty to one count of DUI, second offense. *Id.*

Similarly, in *Kentucky Bar Association v. Rankin*, 862 S.W.2d 894, 894 (Ky. 1993), we imposed a public reprimand and suspension of license to practice law for six months, probated for two years, following three incidents of drunk driving. In the first, Rankin was convicted of wanton endangerment,

5

assault, and operating a motor vehicle under the influence of intoxicants, when he injured three people while driving drunk. *Id.* He was arrested for DUI twice more within three years of the first incident. This Court concluded that Rankin's actions violated what is now SCR 3.130(8.4)(b) because it constituted criminal conduct adversely reflecting an attorney's fitness to practice law. *Id.* Nevertheless, this Court noted that Rankin had "acknowledged his guilt and his alcoholism and taken remedial action," and that the incident did not adversely reflect Rankin's ability to practice law or harm a client. *Id.* at 895.

Finally, in *Kentucky Bar Association v. Njuguna,* 405 S.W.3d 435, 435–46 (Ky. 2013), Njuguna was charged with second-degree wanton endangerment, second-degree fleeing and evading police, and disorderly conduct stemming from an incident where Njuguna admitted he was under the influence of alcohol when an argument with his girlfriend ended with his girlfriend on the hood of his car as he drove away. Within less than two years, Njuguna had acquired two DUI charges in addition to that incident. This Court imposed a 181-day suspension from the practice of law, with ninety days to be probated for five years with conditions. Njuguna's sanctions were curated to address his alcohol issues to prevent future offenses.

Additionally, American Bar Association's *Standards for Imposing Lawyer Sanctions* ("*ABA Standards*") § 5.12 suggest that a suspension is generally an appropriate penalty when "a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice." American Bar Association, *Standards for Imposing Lawyer Sanctions* (2d ed. 2019).

6

These standards are subject to aggravating or mitigating factors. *Id.* at § 9.1. The OBC cites P'Pool's chief aggravating factor as being "illegal conduct, including that involving the use of controlled substance." *Id.* at § 9.22(k). This sole aggravating factor is outweighed by his more numerous mitigating factors, which include "an absence of a prior disciplinary record," *id.* at § 9.32(a), "full and free disclosure to disciplinary board or cooperative attitude toward proceedings," *id.* at § 9.32(e), "imposition of other penalties or sanction," *id.* at § 9.32(k), and "remorse," *id.* at 9.32(l). Given the *ABA Standards* recommendation for suspension and the aggravating/mitigating factor balance being tipped in favor of mitigating factors, a probated suspension is appropriate in this case, and the agreement reached by the parties is reasonable.

### III.   CONCLUSION

Based on the foregoing, this Court finds that J. Todd P'Pool failed to uphold the standards of ethical conduct set forth in Supreme Court Rule 3.130(8.4)(b). ACCORDINGLY, IT IS ORDERED THAT:

1. J. Todd P'Pool is hereby suspended from the practice of law for 181 days, probated for two years subject to the following conditions:

2. P'Pool shall have no more pending disciplinary charges filed against him;

3. P'Pool shall timely pay his Kentucky Bar Association membership dues;

4. P'Pool shall timely satisfy all continuing legal education requirements;

5. P'Pool shall pay all costs associated with the investigation and prosecution of this proceeding, which total $147.87, as required by SCR 3.450;

7

6. P'Pool shall sign authorizations allowing Office of Bar Counsel to review his records held by Kentucky Lawyer's Assistance Program ("KYLAP"), mental health professionals, social workers, and any and all medical records and mental health records;

7. The director of KYLAP will file quarterly reports with the Disciplinary Clerk of the Kentucky Bar Association for distribution to the Office of Bar Counsel. These reports shall state whether P'Pool is complying with the terms and conditions of this Order;

8. If at any time the KYLAP Director becomes aware of violations of any of the terms of this Order, she shall immediately file a notice of such violations with the Disciplinary Clerk of the Kentucky Bar Association for distribution to the Office of Bar Counsel and to P'Pool;

9. If P'Pool violates any of the terms of probation stated in this Order within two (2) years of the date of this Order, or receives a charge of prosecutorial misconduct during the two-year probationary period, the Kentucky Bar Association may file a motion with the Court requesting the issuance of a show cause order directing P'Pool to show cause, if any, why the 181-day suspension should not be imposed; and

10. If at the expiration of the probationary period of two (2) years P'Pool has fully complied with the above terms, the suspension and all terms of P'Pool's probation shall be terminated.

All sitting. All concur.

ENTERED: December 18, 2025.

_____
CHIEF JUSTICE