**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Theodore L. MUSSLER,
Jr., Respondent.**

**No. 2000–SC–0051–KB.**

Supreme Court of Kentucky.

April 20, 2000.

---

**OPINION AND ORDER**

Respondent, Theodore L. Mussler, Jr., of Jefferson County, was admitted to the practice of law in the Commonwealth of Kentucky on April 15, 1968.

On June 19, 1999, the Inquiry Commission, pursuant to SCR 3.190, issued a one-count charge against Respondent, arising from his conduct during a deposition taken in a personal injury case styled *Evan S.*

*Spannknebel, et al. v. J.B. Hunt Transportation, Inc.,* filed in the Jefferson Circuit Court. On February 3, 1997, Respondent appeared for the Plaintiffs at the video deposition of Dr. Joseph L. Zerga, an expert witness for the defendant. The purpose of the deposition was to obtain Dr. Zerga's expert opinion regarding his independent medical examination of Respondent's client, Mr. Spannknebel. Shortly after the video began, Respondent informed Dr. Zerga on the record that he had filed a lawsuit on behalf of Mr. Spannknebel against Dr. Zerga because of the manner in which Dr. Zerga had performed the medical examination. Respondent had personally filed the lawsuit earlier in the day, but had not disclosed that fact to either Dr. Zerga or opposing counsel prior to beginning the deposition. Later during the course of the deposition, Respondent attempted to cross-examine Dr. Zerga on matters pertaining to the new lawsuit. Opposing counsel objected that such questions went beyond the purpose of the deposition; that Dr. Zerga had just been informed of the lawsuit; that Dr. Zerga had not been afforded the right to consult with his own attorney; and that Respondent's conduct constituted a breach of the ethical rules.

The Inquiry Commission charged Respondent with violating SCR 3.130–4.4, which provides: "In representing a client, a lawyer shall not knowingly use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or knowingly use methods of obtaining evidence that violate the legal rights of such a person." The Inquiry Commission determined that Respondent engaged in such conduct for the purpose of intimidating Dr. Zerga against giving opinion testimony adverse to Respondent's client.

A Trial Commissioner was subsequently appointed and an evidentiary hearing was held on September 29, 1999. In the Trial

**88**

Commissioner's resulting report, he concluded that Dr. Zerga was a "third person" protected by SCR 3.130–4.4; that it was not the timing of the filing of the lawsuit against Dr. Zerga that constituted a violation of the rule, rather it was the timing of Respondent's announcement of such during the deposition; and that Respondent had an obligation to inform Dr. Zerga prior to the deposition so as to provide either Dr. Zerga or opposing counsel the opportunity to decide whether to proceed with the deposition. The Trial Commissioner recommended that this Court issue a public reprimand against Respondent. Neither party appealed the Commissioner's report nor filed a notice of review in this Court.

IT IS THEREFORE ORDERED THAT:

Respondent, Theodore L. Mussler, Jr., be and hereby is publicly reprimanded for engaging in conduct in violation of SCR 3.130–4.4. Further, in accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $568.14, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: April 20, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE