Constance L. BUEHNER (f/k/a Connie Lee Runner), Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2008–SC–000727–KB.

Supreme Court of Kentucky.

Nov. 26, 2008.

## OPINION AND ORDER

Movant, Connie Lee Runner, pursuant to SCR 3.480(2), moves this Court to enter an order of public reprimand and a suspension of her license to practice law in Kentucky for thirty (30) days, probated for one (1) year, on the condition that no further charges are brought by the Inquiry Commission for one (1) year. Runner's KBA Member Number is 83581 and her bar roster address is 121 South 7th Street, Louisville, Kentucky 40202. Runner was admitted to practice law in Kentucky in October of 1990. The Kentucky Bar Association (KBA) states that it has no objection to the motion. For the following reasons, the motion is granted.

In connection with her representation of a DUI client, Runner was indicted by the Jefferson Circuit Court in June of 1998, along with her client, for conspiring to bribe a public official. The indictment alleged that Runner's client, acting at Runner's direction, made contact with a police officer in an offer to pay that officer to not appear in court. In July of 2000, Runner was acquitted by the jury in that case and the charges were dismissed.

In July of 1999, Runner was indicted for tampering with physical evidence in relation to the 1998 bribery case. The basis of that charge was that a handwriting sample obtained from Runner for use in the 1998 case was knowingly fabricated or "contrived" by Runner. On October 18, 1999, the Inquiry Commission issued a complaint against Runner based on her 1999 indictment for tampering with physical evidence.

On December 31, 1999, the Inquiry Commission entered an order holding the disciplinary proceedings in abeyance pending the outcome of the 1999 case.

Pursuant to a jury trial, Runner was found guilty of tampering with physical evidence on April 8, 2004. On May 20, 2004, this Court entered an order confirming Runner's automatic temporary suspension from the practice of law under SCR 3.166 due to her felony conviction for tampering with physical evidence. The order stated that the suspension was to be retroactively effective from April 9, 2004.

On August 13, 2004, the Jefferson Circuit Court entered an order setting aside Runner's conviction for tampering with physical evidence and granting her motion for a new trial, based on cumulative errors that occurred at trial. Subsequently, Runner filed motions with the KBA and this Court to dissolve her automatic suspension or hold the KBA proceedings in abeyance based on the trial court's order vacating the conviction. On October 21, 2004, this Court entered an order setting aside the opinion and order of May 20, 2004, and on November 1, 2004, the Inquiry Commission entered an order sustaining Runner's motion to hold her disciplinary proceedings in abeyance.

In March of 2005, the Commonwealth and Runner entered into a plea agreement whereby Runner would plead guilty to the amended charge of unsworn falsification to authorities (KRS 523.100), a Class B misdemeanor, in exchange for the Commonwealth's recommendation of a sentence of 30 days, to be conditionally discharged for two years on the condition that Runner perform 250 hours of community service. On March 8, 2005, Runner entered a guilty plea pursuant to *North Carolina v. Alford* to the amended charge of unsworn falsification to authorities and was thereafter sentenced according to recommendation of the Commonwealth in the plea agreement.

On March 28, 2005, the KBA filed a motion to remove the disciplinary case from abeyance due to the conclusion of the underlying criminal proceeding. The Inquiry Commission removed the disciplinary proceeding from abeyance per order of May 2, 2005.

On October 2, 2008, Runner filed a verified motion for consensual discipline with this Court pursuant to SCR 3.480(2). In the motion, Runner acknowledges that the entry of her *Alford* plea is proof that she violated SCR 3.130–8.3(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness). Runner asks that this Court enter an order of public reprimand and a thirty (30)-day suspension of her license to practice law in Kentucky, probated for one (1) year, on the condition that no further charges are brought by the Inquiry Commission against her within one (1) year from the date of the Court's order. The KBA's response to the motion states that it has no objection to the motion, and given that Runner has previously served a six (6)-month automatic temporary suspension under SCR 3.166 for the felony conviction which was vacated, it views the proposed discipline as appropriate.

In light of the fact that Runner has already been subject to a six (6)-month suspension (from April 9, 2004–October 21, 2004) on the felony conviction which was subsequently set aside, we deem the proposed discipline to be adequate. Hence, we approve the proposed sanction and decline further review of the matter. SCR 3.480(2).

ACCORDINGLY, IT IS ORDERED THAT:

(1) Connie Lee Runner is hereby publicly reprimanded for violating SCR 3.130–8.3(b).

(2) Connie Lee Runner is hereby suspended from the practice of law in the Commonwealth of Kentucky for thirty (30) days, probated for one (1) year on the condition that no further charges are brought by the Inquiry Commission against Runner within one (1) year from the date of this order.

(3) In accordance with SCR 3.450, Runner is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $38.80 for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: November 26, 2008.

/s/ John D. Minton, Jr.
Chief Justice