**FINAL**
TO BE PUBLISHED
DATE 9-1-2020
Karen Gill



# Supreme Court of Kentucky

2020-SC-000259-KB

SANDS MORRIS CHEWNING                                    MOVANT

V.                              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                          RESPONDENT

## OPINION AND ORDER

On June 16, 2020, Sands Morris Chewning moved for consensual discipline pursuant to Supreme Court Rule (SCR) 3.480(2) based on a negotiated sanction agreement with the Kentucky Bar Association (KBA). Chewning requests an order imposing a sanction of a thirty-day suspension, probated for two years on condition he attend and complete the next scheduled Ethics and Professionalism Enhancement Program (EPEP), receive no new disciplinary charges during the probationary period, and pay the costs of this proceeding. The KBA filed a response stating it had no objection to the Motion for Consensual Discipline. Because Chewning and the KBA have agreed on the sanction, and our caselaw supports the proposed resolution in this matter, we hold this sanction to be the appropriate discipline for Chewning's conduct and grant his motion.

Chewning's KBA member number is 87565 and his bar roster address is P.O. Box 955, Hopkinsville, Kentucky 42241-0955. He was admitted to practice law in the Commonwealth of Kentucky on October 13, 1998.

Chewning was retained by Cherie Sherill to represent her in seeking to obtain full custody of her minor granddaughter. The minor's foster parents, Will and Tasha Uland, were appointed guardians before Sherill was granted full custody. After the custody determination, the Ulands were given limited visitation with the child which ultimately led to further litigation.

Prior to a September 9, 2015, visitation, Sherill obtained a voice-activated recording device from Chewning's office and sewed it into the waistband of the child's clothing. Chewning later used information from conversations recorded by the device in court proceedings to gain an advantage for his client. On January 6, 2017, Chewning was indicted on three Class D felonies related to the incident. Later that year, he entered a negotiated guilty plea to one count of Criminal Attempt to Commit Eavesdropping, a Class A misdemeanor, and was fined $500.00.

Based on these events, on September 24, 2018, the Inquiry Commission issued a two-count charge against Chewning. The first count alleged violation of SCR 3.130(4.4)(a) which provides "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." The second count alleged violation of SCR 3.130(8.4)(b) which provides for a finding of professional misconduct when

a lawyer "commit[s] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

Chewning admits he violated these two rules by his conduct, and he and the KBA have agreed to a negotiated sanction to resolve this matter. Under SCR 3.480(2), this Court "may consider negotiated sanctions of disciplinary investigations, complaints or charges . . . ." Chewning now moves this Court to accept this consensual discipline for his violations of SCR 3.130(4.4)(a) and 3.130(8.4)(b). He asks us to impose the sanction of a thirty-day suspension probated for two years on conditions he complete the next scheduled EPEP, receive no new disciplinary charges during the probationary period, and pay the costs of this action. The KBA, having acknowledged its review of his motion and analogous case law, stated no objection to the proposed discipline and requested we order the proposed discipline.

In support of the negotiated sanction, the KBA cites this Court to *Kentucky Bar Association v. Mussler*, 19 S.W.3d 87 (Ky. 2000), *Buehner v. Kentucky Bar Association*, 271 S.W.3d 531 (Ky. 2008), and *King v. Kentucky Bar Association*, 377 S.W.3d 541 (Ky. 2012). In *Mussler*, an attorney was issued a public reprimand for violating SCR 3.130(4.4) for improper conduct during the deposition of an expert witness who this Court found to be a "third person" as contemplated by the rule.

In *Buehner*, an attorney provided a knowingly fabricated handwriting sample for use in a bribery case against her. She was acquitted in that case. Buehner was subsequently convicted of tampering with physical evidence, a

3

felony, for providing the tainted sample. After her conviction was overturned, Buehner entered a plea agreement whereby she was convicted on a charge of unsworn falsification to authorities, a Class B misdemeanor. This Court issued a public reprimand and a thirty-day suspension, probated for one year, for Buehner's violation of SCR 3.130(8.3)(b) (now 8.4(b)).

Finally, in *King*, King entered a guilty plea to driving under the influence, third offense, endangering the welfare of a minor, and driving on a suspended license. After King admitted his violation of SCR 3.130(8.4)(b), this Court accepted a negotiated sanction of a public reprimand, entering a KYLAP agreement, and receiving no new criminal or disciplinary charges for a period of two years. Violation of any of the conditions would result in a sixty-one-day suspension in place of the reprimand.

Based on these authorities, Chewning's lack of a prior disciplinary record, and his cooperative nature throughout the proceedings, the KBA concluded a thirty-day suspension, probated for two years with conditions was the appropriate discipline in this matter. After reviewing the allegations, Chewning's previous disciplinary record, and the cases cited by the KBA, this Court concludes the discipline proposed by Chewning, and agreed to by the KBA, is appropriate.

It is therefore ORDERED:

1. Sands Morris Chewning's Motion for Consensual Discipline is granted pursuant to SCR 3.480(2).

4

2. Chewning is adjudged guilty of the above-described and admitted violations of SCR 3.130(4.4)(a) and 3.130(8.4)(b) and is suspended from the practice of law for thirty days for those violations, with such suspension probated for a period of two years on condition he attend, at his expense, and successfully complete the next scheduled EPEP offered by the Office of Bar Counsel (OBC) and receive no new disciplinary charges in the next two years.

3. Chewning will not apply for Continuing Legal Education (CLE) credit of any kind for his attendance at EPEP. Moreover, Chewning will furnish a release and waiver to the OBC to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes remedial education so OBC may verify he has not reported any hours to the CLE Commission taken as remedial education.

4. Pursuant to SCR 3.450, Chewning is directed to pay all costs associated with this disciplinary proceeding against him, in the amount of $66.56.

All sitting. All concur.

ENTERED: August 20, 2020.

_____
CHIEF JUSTICE

5