**KENTUCKY BAR ASSOCIATION,**
Petitioner,

v.

**Lawrence HEMMING (KBA Member No. 89198), Respondent.**

**No. 2004–SC–0758–KB.**

Supreme Court of Kentucky.

Jan. 20, 2005.

## OPINION AND ORDER

On April 27, 2003, Respondent assaulted his mother at her home and caused her a minor physical injury. Respondent's father also received minor injuries in the assault. On May 9, 2003, Respondent pled guilty to the charge of assault in the fourth degree regarding his mother. The charge of assault regarding his father was dismissed. Respondent was sentenced to a twelve-month term of incarceration, with 90 days to serve in the Jefferson County Community Corrections Center. The Court probated the remainder of Respondent's sentence for a period of two years supervised probation. Respondent also underwent thirty days of inpatient domestic violence offender treatment, substance/alcohol abuse evaluation/treatment, and psychiatric evaluation/treatment following the 90 days home incarceration.

By letter dated May 14, 2003, Respondent informed the Kentucky Bar Association of his criminal conduct and conviction. Respondent expressed regret for his actions and pledged cooperation to the Kentucky Bar Association in its inquiry into this matter. The Inquiry Commission thereafter issued a Complaint against Respondent on July 21, 2003, which evoked no response from Respondent. A letter was then sent to Respondent on September 23, 2003, alerting him of his failure to respond. Again, he did not respond.

The Inquiry Commission charged Respondent with a violation of SCR 3.130–

8.3(b) (Count I), for the domestic abuse that occurred on April 27, 2003, and with a violation of SCR 3.130–8.1(b) (Count II), for not responding to requests for information. However, the Board of Governors concluded that Respondent's letter reporting his misconduct, under these circumstances, was tantamount to filing a response to the Bar Complaint. As such, Respondent was found not guilty of violating SCR 3.130–8.1(b) and guilty of violating SCR 3.130–8.3(b). Accordingly, it is hereby ordered that:

1. Respondent, Lawrence Hemming, is suspended from the practice of law for thirty days with said suspension probated for a period of two years supervised probation, on the condition that Respondent enroll in the Kentucky Lawyers Assistance Program within 30 days following entry of this Court's Order.

2. Respondent continue to participate in the Kentucky Lawyers Assistance Program as prescribed by the Program for at least two years. Should Respondent fail to enroll in the Program or fail to continue to participate in the Program for the mandated length of time, the thirty-day suspension shall be enforced.

3. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $157.60, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: January 20, 2005.

/s/ Joseph E. Lambert
Chief Justice