**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Steven F. CLAYPOOLE, Respondent.**

**No. 2006–SC–0242–KB.**

Supreme Court of Kentucky.

Aug. 24, 2006.

**OPINION AND ORDER**

Respondent, Steven F. Claypoole, whose bar roster address is 1227 Keswick Blvd., Louisville, Kentucky 40217, has been charged with violating SCR 3.130–8.1(b), for failing, in connection with a bar admission application, to respond to a lawful demand for information from an admissions authority. Respondent admits that he is guilty of violating that Rule of Professional Conduct, and requests that this Court impose the sanction of 30 days' suspension from the practice of law, with an additional sentence of 181 days suspended for two years in which he will participate in the KYLAP program.

Respondent applied to sit for the February 2002 Kentucky Bar examination by application dated September 27, 2001. He took the bar examination on February 26, and 27, 2002. Following the examination, and prior to learning the results, Respondent was charged with Driving Under the Influence, First Offense, KRS 189A.010, on or about March 23, 2002, in Jefferson County, Kentucky. On April 19, 2002, Respondent learned that he had passed the bar examination. He was admitted to the practice of law by Order of the Kentucky Supreme Court on May 1, 2002. On May 8, 2002, Respondent entered a plea of

guilty to Driving Under the Influence, First Offense. His driving privileges were revoked and he was ordered to complete an alcohol-counseling program. In addition, he was ordered to pay a fine, court costs and service fees.

Respondent admits that he has had other incidents involving alcohol, including charges of Driving Under the Influence, First Offense, and Reckless Driving on June 22, 1989, to which Respondent pled guilty; Driving Under the Influence, Second Offense within five years, on December 18, 1992, to which Respondent pled guilty; and Alcohol Intoxication, First Offense, on September 20, 2001, for which Respondent paid a fine.

On May 17, 2002, Respondent sought a Kentucky Bar Association Ethics Hotline Opinion regarding whether he needed to report to the Office of Bar Admissions an act of misconduct which occurred after he had taken the bar examination and for which he pled guilty after he had been admitted to the bar. On May 31, 2002, Respondent received an Ethics Hotline Opinion stating that from the time of his arrest for Driving Under the Influence Respondent had a duty pursuant to SCR 3.130–8.1(b), to report his misconduct to the Office of Bar Admissions. Respondent disclosed to the Office of Bar Admissions that he had been charged with Driving Under the Influence on June 4, 2002.

The application for admission contains a provision entitled "Update of Character and Fitness Information," which instructs applicants: "If you have any incident or occurrence that would change the information provided since filing of your application (i.e. change of employment, traffic citation, arrests, disposition of pending litigation), you must complete the Update of Character and Fitness Information Form that is provided at the end of these instructions." All applicants for eligibility to sit for the bar examination sign a "Verification" page on which the applicant affirms that he understands "this application for admission to the practice of law in Kentucky is a continuing application and must show correctly and fully the information herein sought as the date of my taking an oath of an attorney at law," and that the applicant will, "after the happening of any event, immediately notify the Board by filing an amendment to this application as to any changes in respect to any matter regarding which information is herein sought, and as to any incident which may have bearing upon any information sought."

The Kentucky Bar Association (KBA) advises this Court that it has no objection to Respondent's motion for suspension from the practice of law. The KBA requests that this Court impose the suspension requested, including the probated sentence. In support, the KBA cites the fact that this Court has found it appropriate to impose probated sentences in other cases. *Kentucky Bar Ass'n v. Hemming*, 152 S.W.3d 865 (Ky.2005); *Aulenbach v. Kentucky Bar Ass'n*, 151 S.W.3d 330 (Ky. 2004). The motion for suspension from the practice of law was reviewed and approved by the Chair of the Inquiry Commission and the Immediate Past President of the Kentucky Bar Association before submission to this Court, pursuant to the Office of Bar Counsel's standard procedure in consensual discipline cases.

■■■ Accordingly, being duly advised, this Court finds that, in accordance with his admission of guilt, Respondent violated SCR 3.130–8.1(b), when after taking the bar examination, but before being admitted to the practice of law in the Commonwealth of Kentucky, he failed to promptly inform the Office of Bar Admissions that he was charged with Driving Under the Influence. It is the order of this Court that Respondent is suspended from the

practice of law in the Commonwealth of Kentucky for a period of 30 days, with an additional sentence of 181 days probated for two years on the following conditions:

(1) that he participate in the KYLAP program as stated in the KYLAP monitoring and supervision agreement;

(2) if he fails to comply with any of the terms of this sanction, including the terms of the KYLAP monitoring and supervision agreement, the Court may upon motion of the KBA Office of Bar Counsel implement the 181–day suspension from the practice of law in the Commonwealth of Kentucky;

(3) at the expiration of the probation period, and in the event of Respondent's full compliance with and performance of all conditions imposed herein, the order of suspension shall be terminated and all the terms of Respondent's probation shall be terminated;

(4) the Respondent shall pay all costs associated with these disciplinary proceedings in accordance with SCR 3.450, which totals $26.90, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice