ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.

Robert F. WRIGHT, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2012–SC–000813–KB.

Supreme Court of Kentucky.

Feb. 21, 2013.

respond to a bar complaint. *Barber,* 302 S.W.3d at 85.

## OPINION AND ORDER

Robert F. Wright petitions this Court to impose the sanction of a thirty (30) day suspension probated for three (3) years for his violation of Supreme Court Rule (SCR) 3.130–1.1 (by failing to competently represent a client), SCR 3.130–3.5(c) (by engaging in conduct intended to disrupt a tribunal), and SCR 3.130–8.3(b) (by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).[1] The Kentucky Bar Association (KBA) has no objection to this proposed discipline, which was negotiated pursuant to SCR 3.480(2). Finding the negotiated sanction appropriate, we grant Wright's motion. Wright, whose KBA number is 85796 and whose last known bar roster address is P.O. Box 1405, Pikeville, Kentucky 41502, was admitted to the practice of law in the Commonwealth of Kentucky on October 2, 1995.

On January 16, 2009, Wright was found in contempt of court for appearing in Pike Circuit Court while intoxicated. On April 9, 2009, while on his way to a meeting with a client at the Floyd County Justice Center, Wright was arrested and charged with alcohol intoxication. This matter was dismissed in December 2009. Wright was also charged with one count of failure to wear seatbelts and one count of driving under the influence (DUI) on April 13, 2009. One day later, the Office of Bar Counsel received a letter stating that Wright was entering an outpatient addiction treatment program. On November 16, 2012, Wright pled guilty to the aforementioned count of failure to wear seat-belts and to an amended charge of reckless driving.

The Inquiry Commission charged that Wright violated SCR 3.130–1.1 by appearing in court to represent a client while intoxicated, and by counseling another client in the courthouse while intoxicated; SCR 3.130–3.5(c) by engaging in conduct intending to disrupt the tribunal by appearing in court while intoxicated; and SCR 3.130–8.3(b) when he was arrested twice for alcohol-related offenses.

In his current motion, Wright admits to the above violations. Pursuant to SCR 3.480(2), Wright negotiated a sanction with Bar Counsel for a thirty-day suspension probated for three years upon the conditions that he participate in the Kentucky Lawyer Assistance Program (KYLAP) and successfully comply with the terms of the program's monitoring agreement, does not receive any additional disciplinary charges from the Inquiry Commission, and does not receive convictions for any crimes, misdemeanors or felonies during the period of his probation. The KBA states no objections to the negotiated discipline, and cites *Kentucky Bar Association v. Hemming*, 152 S.W.3d 865 (Ky.2005) as a similar case with a similar outcome. In *Hemming*, an attorney's thirty-day suspension was probated for two years on the condition of enrollment in KYLAP after he pled guilty to fourth-degree assault charge. *Id.* at 866.

After reviewing the record and the applicable law, we find the negotiated sanction is appropriate, and is in keeping with this Court's precedent. See *King v. Kentucky Bar Association*, 377 S.W.3d 541 (Ky.2012) (attorney is publicly reprimand with two-year probationary period with conditions that the violation would convert the public reprimand into sixty-one day

---

1. This reference is to the rule as it was written prior to the July 15, 2009 amendments.

suspension when the attorney was convicted of driving under the influence, third offense, and for driving on a suspended license). Wright has exhibited a troubling pattern of alcohol-related behavior, and ordering his participation in and successful compliance with KYLAP is warranted.

Therefore it is hereby ORDERED:

1. Robert F. Wright is suspended from the practice of law in this Commonwealth for thirty (30) days probated for a period of three (3) years, on the condition that Wright enroll in the Kentucky Lawyer Assistance Program (KYLAP) within thirty (30) days after the issuance of this Order;

2. Wright shall comply with the terms of the KYLAP Supervision Agreement;

3. Wright shall not be convicted of any crimes, misdemeanors, or felonies during this probationary period;

4. Wright shall not receive any additional Disciplinary Charges from the Inquiry Commission during this probationary period;

5. Pursuant to SCR 3.450, Wright is directed to pay all costs associated with this proceeding in the amount of $46.70, for which execution may issue from this Court upon finality of this Opinion and Order;

6. If Wright fails to comply with any of the terms of discipline set forth herein, the thirty (30) day suspension shall be enforced upon application of the Office of Bar Counsel to the Court.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.