TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0570-KB

JOHN DAVID INMAN                                            MOVANT

V.                           IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                           RESPONDENT

## OPINION AND ORDER

On December 17, 2021, John David Inman (Inman), moved this Court for the entry of an order suspending him from the practice of law for 30 days, probated for one year with conditions, for violating SCR 3.130(8.4)(b), as charged in KBA File No. 20-DIS-0246. Thereafter, the Kentucky Bar Association (KBA) filed a response that they have no objection to the order as requested. This Court hereby enters said 30 day suspension, probated for one year with conditions, for violating SCR 3.130(8.4)(b).

## I. BACKGROUND

Inman, KBA member number 95576, was admitted to practice law in the Commonwealth on October 18, 2013. His address is 651 Comanche Trail, Frankfort, KY 40601.

On June 28, 2020, Inman and his former fiancée were involved in a domestic dispute. She was treated at the hospital for bruising she received around her left eye, she also claims to have temporarily lost consciousness. Inman was arrested as a result. He was charged with Assault 4th Degree (Domestic Violence) Minor Injury, a Class A Misdemeanor. Inman[1] entered an *Alford* plea to the assault charge on December 8, 2020. He was sentenced to 180 days in jail, suspended for 12 months on conditions that he pay restitution and have no contact with the victim for a year. Inman provided the court with proof of payment of restitution on May 11, 2021.

As a result of his criminal action, Inman sought the help of a therapist and he was diagnosed with Adjustment Disorder with a Specificity of Anxiety. Inman's mental health condition manifested itself in the form of hypervigilance and extreme anxiety, resulting in him sometimes overreacting to non-dire stressors and/or causing him to act irrationally. Inman has started therapy and has been successful in developing healthier, more appropriate responses to stressors.

Inman was also having issues with alcohol. He started attending Alcoholics Anonymous. He and his ex-wife reached an agreement, concerning custody of their child, that Inman submit to monitoring of his blood alcohol content twice daily for three months.

---

[1] *Commonwealth v. Inman*, Franklin District Court, Case No. 20-M-585.

Inman was diagnosed with adult onset Attention Deficit Hyperactivity Disorder (ADHD), this also affected the anxiety and stress he experienced with his Adjustment Disorder.

Inman has been managing his conditions with daily prescribed medication. He has noted a significant difference in his daily stress level, his ability to be productive in his personal and professional settings. He also notes significant changes in his ability to think and act more rationally.

Inman agrees to also submit to an assessment with the Kentucky Lawyers Assistance Program (KYLAP).

## II. CHARGES

Count 1. Violation of SCR 3.130(8.4)(b) – "It is a professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Movant admits his conduct violated this rule.

## III. ANALYSIS

In support of the 30 day suspension, the KBA cites *Kentucky Bar Ass'n v. Hemming* 152 S.W.3d 865 (Ky. 2005). Hemming assaulted his mother and caused minor injuries. He pled guilty to 4th degree assault and he was sentenced to 12-month term of incarceration, 90 days to serve, the remainder probated for two years of supervised probation. Hemming served his 90 days in home incarceration, he also underwent 30 days of inpatient domestic violence offender treatment, substance and alcohol evaluation and treatment,

3

and a psychiatric evaluation and treatment. Hemming self-reported to the KBA and expressed his regret and cooperation with the investigation.

Inman also reported his conviction to KBA and has cooperated with the investigation. The proposed one-year probation is the same length as in his criminal case.

Inman admits that he violated SCR 3.130(8.4)(b). Inman and the KBA agree to an order suspending him from the practice of law for 30 days, probated for one year with conditions.

Therefore, the Court Orders:

1.) Inman is hereby suspended from the practice of law for 30 days, probated for one year.

2.) Inman is hereby ordered to pay all costs of these proceedings pursuant to SCR 3.450.

3.) Inman shall not commit any crimes, including misdemeanors or felonies.

4.) Inman shall not receive any disciplinary charges against him.

5.) Within 10 days of the entry of this order, Inman must contact KYLAP to schedule an assessment, complete the assessment and comply with any recommendations made by KYLAP. Inman must also sign an authorization allowing Office of Bar Counsel (OBC) to directly communicate with and obtain information from the Director of KYLAP. Inman shall also provide quarterly reports to the OBC showing his

compliance with any terms and conditions set by KYLAP regarding his mental health assessment.

6.) Inman agrees that if he violates any terms of probation within one year of the date of the Court order, the KBA may file a motion with the Court requesting the issuance of a show cause order directing Inman to show cause, if any, why the 30-day suspension should not be imposed.

All sitting. All concur.

ENTERED: February 24, 2022.

_____
CHIEF JUSTICE